FOWLER *v.* STATE.

(Division B.   Dec. 7, 1942.   Suggestion of Error Overruled Jan. 4, 1943.)

[10 So. (2d) 765.   No. 35142.]

John W. Barbee, of Hernando, and W. I. Stone, of Coffeeville, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, and Richard Denman, of Greenwood, for appellee.

Argued orally by **W. I. Stone**, for appellant, and by **Richard Denman**, for appellee.

**Anderson, P. J.**, delivered the opinion of the court.

Appellant Fowler shot Sam Newton to death with a pistol. He was indicted, tried and convicted of the murder of Newton and sentenced to the penitentiary for life. From that judgment he prosecutes this appeal.

The evidence showed beyond a reasonable doubt and to a moral certainty that appellant took the life of the deceased when the latter was unarmed and making no demonstration of any kind whatsoever towards him indicating a purpose to take his life or do him any bodily harm. We are of the opinion that there is only one assignment of error that calls for a discussion by the court. That grew out of the direct examination of Ferrell, a witness for the state, which follows:

"Q. He was in that position when Mr. Fowler shot him in the back? A. Yes, sir.

"Objection: The defendant objects—'Oh, we object, and ask the Court to instruct the jury not to regard it.'"

Objection sustained.

"Court (to jury): Gentlemen, you will not regard the question just asked by counsel and the answer of the witness. It is a statement of the District Attorney and not of the witness.

"Mr. Stone: I submit, counsel should be ordered not to make such statements before the jury.

"Mr. Denman: We will show by the Doctor that he was shot in the back.

"Court: Don't regard that statement, gentlemen. The witness will testify and not counsel. You will disregard any statement made by counsel. The only proof you will accept is the testimony of the witnesses before you. The testimony will be developed by the witnesses themselves."

It will be noted that the District Attorney assumed by the first question above quoted that appellant shot the deceased in the back. Appellant moved the court for a mistrial, which was overruled. It is argued that what occurred amounted to permitting the District Attorney to testify that the deceased was shot in the back. We are of opinion that in view of the ruling of the court in the presence of the jury in connection with the evidence in the case no harm resulted from the question of the District Attorney and what followed. Dr. Williams, who examined the deceased a few minutes after he was shot, testified, and his evidence was undisputed, that deceased was shot in the back, the bullet coming out somewhere on the other side of the body.

Affirmed.